# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

SUSAN M. TOMAS,

    Plaintiff,

v.

THE STATE OF ILLINOIS, ILLINOIS DEPARTMENT OF EMPLOYMENT SECURITY, et al.,

    Defendants.

No. 07 C 4542
07 C 6274
08 C 610

Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

The plaintiff seeks sanctions against the American Federation of State, County and Municipal Employees, Local 1006 and against three employees of AFSCME Local 1006. The claim for sanctions is based on AFSCME's failure to issue a litigation hold on documents including electronically stored information and emails. Not only did AFSCME do nothing to preserve documents at the time of a relevant EEOC filing or any time thereafter, it did not even inform its employees of the duty to preserve evidence. Plaintiff correctly claims that relevant information was lost due to AFSCME's gross negligence or willful ignorance. Although AFSCME did produce a small amount of data, they do not dispute that much of the data was irretrievably destroyed.

There is, however, a dispute over whether AFSCME had possession or control of the emails and other data at issue. I accept Plaintiff's argument that the union had a legal right to access the material. The collective bargaining agreement between the union and the state agency gave the union the right to access this type of material even when it is in the possession of the state agency. Moreover, under labor law a union has the right to access documents regarding

1

grievances, and it appears to me that grievance is an element in some portion of the claims before the court.

The union was on notice of its own need to preserve material when the plaintiff filed its legal claim against IDES in January 2006. Given the events of this particular case, it is clear that AFSCME should have foreseen its own role in this litigation.

Therefore, the motion for sanctions is granted. Payment of reasonable fees of the plaintiff's attorneys for its work in preparing and arguing the motion for sanctions against AFSCME will be ordered after the court determines the precise amount of those fees. At the time of trial, if there is a trial, the court will determine the degree to which the loss of relevant evidence can be presented to a jury or to the court, including whether the finder of fact should receive an adverse inference instruction or an instruction about Defendant's legal duty to preserve evidence. The precise manner of dealing with the destroyed evidence can be determined only when the case is ready for trial and the court and counsel consider what should be done about missing evidence.

ENTER:

James B. Zagel
United States District Judge

DATE: November 9, 2015